UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PAMELA HELD,

                Plaintiff,

      - against –                              **COMPLAINT AND**
                                                    **JURY TRIAL DEMAND**

P.O. SEAN CHRISTIAN, Shield No. 7051,
P.O. "JOHN DOE,"
P.O. "RICHARD ROE,"
P.O. "JANE DOE" and
THE CITY OF NEW YORK,

                Defendants.
-------------------------------------------------------------x

      Plaintiff, PAMELA HELD, by her attorney, RICHARD J. SOLEYMANZADEH, P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth, fifth and fourteenth amendments to the Constitution of the United States.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.     Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for intentional infliction of emotional distress.

## VENUE

5.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, PAMELA HELD, was and is a natural person, resident in the County of Suffolk, State of New York.

8. At all times relevant hereto, defendant P.O. SEAN CHRISTIAN, Shield No. 7051 (hereinafter "CHRISTIAN") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. "JOHN DOE" was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. "RICHARD ROE" was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. "JANE DOE" was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. On or about April 16, 2013, this date being within ninety (90) days after the claim herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

15. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

16. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about February 5, 2013, at approximately 9:45 P.M., plaintiff was lawfully traveling on Cypress Avenue in the County of Kings, City and State of New York when she was pulled over and stopped by a New York City Police Department motor vehicle.

19. There was no reasonable suspicion whatsoever for the stop of plaintiff's vehicle.

20. Present in the vehicle with plaintiff was plaintiff's friend, Marissa McGibney, who is not a party hereto.

21. Present at the stop location were defendants CHRISTIAN, P.O. "JOHN DOE" and P.O. "RICHARD ROE."

22. The aforementioned defendants did not inform plaintiff of their reason for pulling her over.

23. However, upon approaching her vehicle, one of the aforementioned defendants told plaintiff that its New York State inspection sticker was expired.

24. One or more of the aforementioned defendants ordered plaintiff and her passenger to exit the vehicle.

25. Once plaintiff and her passenger complied with the aforementioned order, the aforementioned defendants arrested plaintiff and her passenger and transported them to the stationhouse of the 104th Precinct.

26. While in custody at the 104th Precinct, plaintiff was strip searched by defendant P.O. "JANE DOE."

27. Defendants questioned plaintiff as to her whereabouts that evening.

28. When plaintiff answered that she had been visiting a friend in Brooklyn, defendant P.O. "JANE DOE" requested that plaintiff provide the telephone number of that individual.

29. Plaintiff stated to the defendants that the telephone number was in her iPhone.

30. Defendant P.O. "JANE DOE" brought plaintiff's iPhone into the holding cell and requested that plaintiff provide the security code to unlock her iPhone.

31. Plaintiff refused to provide the security code and suggested that she be allowed to unlock her iPhone and then scroll through the numbers to locate the contact information.

32. Defendant P.O. "JANE DOE" refused plaintiff's request and stated that, because plaintiff's iPhone was in police custody, plaintiff could not have access to her own phone.

33. Plaintiff gave the security code to her iPhone to defendant P.O. "JANE DOE" and proceeded to show defendant P.O. "JANE DOE" where the contact information was located.

34. Thereafter, defendant P.O. "JANE DOE" left the holding cell with plaintiff's iPhone.

35. Plaintiff then saw defendants CHRISTIAN, P.O. "JANE DOE," P.O. "JOHN DOE" and P.O. "RICHARD ROE" either using or examining plaintiff's iPhone.

36. Plaintiff was released from custody on February 6, 2013, at approximately 3:45 A.M., with a desk appearance ticket, charging her with possession of a controlled substance, for which she subsequently received an adjournment in contemplation of dismissal.

37. Upon her release, defendant CHRISTIAN escorted plaintiff to her car, telling plaintiff that she was "a nice girl" and "should stop hanging out with the wrong crowd."

38. On her way driving back home from the stationhouse of the 104th Precinct, plaintiff examined her iPhone and its usage.

39. Plaintiff observed that, on or about February 6, 2013, at approximately 1:24 A.M., 1:50 A.M. and 2:11 A.M., one of the individual defendants had forwarded from plaintiff's iPhone to the cell phone belonging to defendant CHRISTIAN a series of intimate and sexually oriented photos and videos of plaintiff that she had stored on her iPhone.

40. Thus, one or more of the individual defendants, without permission or authorization being granted by plaintiff, while plaintiff and her iPhone were in policy

custody and control, and without any legal justification therefor, forwarded to defendant CHRISTIAN, by electronic means, intimate and sexually oriented photos and videos of plaintiff saved on her iPhone.

41. Shortly after plaintiff discovered that her intimate and sexually oriented photos and videos of herself had been forwarded to defendant CHRISTIAN, plaintiff filed a complaint with the Internal Affairs Bureau of the Police Department of defendant CITY OF NEW YORK (hereinafter "IAB").

42. As part of the ensuing IAB investigation, plaintiff participated in controlled telephone calls made by an IAB officer to defendant CHRISTIAN.

43. During the first controlled telephone call, which lasted approximately twenty minutes, defendant CHRISTIAN began to flirt with plaintiff.

44. The call was unexpectedly dropped.

45. After approximately ten minutes had passed, defendant CHRISTIAN called plaintiff back and acknowledged his possession of the aforementioned intimate and sexually oriented photos and videos.

46. Defendant CHRISTIAN told plaintiff "not to worry about it" and continued to flirt with plaintiff by asking her what she as doing that night and if she had a boyfriend.

47. This second telephone call lasted approximately forty-five minutes.

48. Both telephone calls were recorded by the aforementioned IAB officer.

49. Defendants CHRISTIAN, P.O. "JOHN DOE," P.O. "RICHARD ROE" and P.O. "JANE DOE" violated plaintiff's right to the due process of law and the equal protection of the laws, guaranteed to her by the fourteenth amendment to the Constitution of the United States; her right not to be stopped and detained without

reasonable suspicion, guaranteed to her by the fourth amendment to the Constitution of the United States; and her right not to be deprived of her property without due process of law, guaranteed to her by the fifth amendment to the Constitution of the United States; in that, acting under color of state law, they, without any cause or justification whatsoever, stopped and detained her without having reasonable suspicion, searched the contents of her iPhone without obtaining a warrant therefor, transmitted information contained on her iPhone to the private cell phone number of defendant CHRISTIAN, violated her privacy and bodily integrity and sexually harassed her.

50. Because of the aforementioned acts committed by defendants CHRISTIAN, P.O. "JOHN DOE," P.O. "RICHARD ROE" and P.O. "JANE DOE," plaintiff suffered a deprivation of her right to the due process of law and equal protection of the laws, guaranteed to her by the fourteenth amendment to the Constitution of the United States; her right not to be stopped and detained without reasonable suspicion, guaranteed to her by the fourth amendment to the Constitution of the United States; and her right not to be deprived of her property without due process of law, guaranteed to her by the fifth amendment to the Constitution of the United States; and as a result, suffered a loss of her liberty, suffered a loss of her property, suffered and continues to suffer serious and permanent emotional injuries and has incurred expenses for psychological treatment and for legal representation in a criminal proceeding.

51. By the reason of the unconstitutional and illegal actions taken against her by defendants CHRISTIAN, P.O. "JOHN DOE," P.O. "RICHARD ROE" and P.O. "JANE DOE," plaintiff demands damages in an amount sufficient to compensate her for her

damages as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS CHRISTIAN, P.O. "JOHN DOE,"
P.O. "RICHARD ROE, P.O. "JANE DOE"
and THE CITY OF NEW YORK
(Intentional Infliction of Emotional Distress)**

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" hereinabove as if more fully set forth at length herein.

53.     On or about February 6, 2013, between approximately 1:24 A.M. and 2:11 A.M., one or more of the individual defendants hereto transmitted to the personal cell phone number of defendant CHRISTIAN, intimate and sexually oriented photos of plaintiff that plaintiff had secured in her own personal iPhone.

54.     The individual defendants were able to gain access to the aforementioned photographs because defendant P.O. "JANE DOE" had, upon information and belief acting in concert with defendants CHRISTIAN, P.O. "JOHN DOE" and P.O. "RICHARD ROE," compelled plaintiff to provide the security code for plaintiff's iPhone.

55.     The aforementioned actions taken by one or more of the individual defendants hereto constituted outrageous conduct against plaintiff.

56.     At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

57.     By reason of the aforementioned intentional infliction of emotional distress committed against her by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered and

continues to suffer serious and permanent emotional injuries, has been shamed and humiliated, and has incurred expenses for psychological treatment.

58.   As a result of the intentional infliction of emotional distress committed upon her by defendants CHRISTIAN, P.O. "JOHN DOE," P.O. "RICHARD ROE" and P.O. "JANE DOE," while they were acting within the scope of their employment of defendant CITY OF NEW YORK, plaintiff demands damages in an amount sufficient to compensate her for her damages as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiff, PAMELA HELD, demands judgment against defendants P.O. SEAN CHRISTIAN, P.O. "JOHN DOE," P.O. "RICHARD ROE," P.O. "JANE DOE" and THE CITY OF NEW YORK as follows:

FIRST CAUSE OF ACTION:  An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action; and

SECOND CAUSE OF ACTION:  An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants CHRISTIAN, P.O. "JOHN DOE," P.O. "RICHARD ROE" and P.O. "JANE DOE," both amounts to be determined at the trial of this action.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      May 2, 2014

                              RICHARD J. SOLEYMANZADEH, P.C.
                              Attorney for Plaintiff
                              320 Nassau Boulevard, Suite 7
                              Garden City, New York 11530
                              (516) 538-8007